**LAW OFFICE OF MARTIN  T. McDONOUGH, M.D., J.D.**
ATTORNEYS AT LAW
50 East Avenue, P.O. Box 303
Woodstown, New Jersey 08098
856-769-2470; Fax 856-769-9290
Attorney for Defendant: Martin T. McDonough, M.D., J.D.
Attorney ID Number: MM4102

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADA SMALL | CIVIL ACTION |
| (Plaintiff) | CASE NO.: |
| v. | |
| THE MEMORIAL HOSPITAL OF SALEM COUNTY; ARTURO JIMENEZ, M.D.; JAY MORROS, M.D.; JOHN DOES #1-15 (fictitious); JANE DOES #1-15 (fictitious); JOHN DOE EMPLOYERS (fictitious); and ABC CORPORATION #1-15 (fictitious), | **COMPLAINT FOR VIOLATIONS OF THE EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT (EMTALA), *42 U.S.C.A. §1395dd*, AND FOR MEDICAL MALPRACTICE (WITH JURY DEMAND)** |
| (Defendants) | |

Plaintiff, Ada Small, residing at 1 Delaware Avenue, in the Borough of Penns Grove,

County of Salem and State of New Jersey, by way of Complaint against the Defendants, the

Memorial Hospital of Salem County, Arturo Jimenez, M.D., and Jay Morros, M.D., says:

## JURISDICTION AND VENUE

1.   This action arises under the Emergency Medical Treatment and Active Labor Act

(EMTALA), *42 U.S.C.A. §1395dd*.  This Court has jurisdiction of the claims pursuant to *28*

1

*U.S.C.A. §1331*.  Venue is proper under *28 U.S.C.A. §1391(C)*.  The statutory violations of which Plaintiff is complaining were committed in the state of New Jersey.

2.   Venue is properly laid in the United States District Court for the District of New Jersey because Plaintiff Ada Small is domiciled and lives at 1 Delaware Avenue, in the Borough of Penns Grove, County of Salem and State of New Jersey, and because the acts giving rise to the Complaint occurred in the County of Salem, State of New Jersey.

3.   Defendant the Memorial Hospital of Salem County is a hospital, organized and licensed to do business in the State of New Jersey.  Defendant does business in and maintains an Emergency Department under its name at 310 Salem Woodstown Road in the Township of Mannington, County of Salem, State of New Jersey.  Upon information and belief, Defendant the Memorial Hospital of Salem County has had a provider agreement with the Secretary of Health and Human Services pursuant to *42 U.S.C.A. §1395cc* at all times pertinent to this action.

4.   The amount in controversy exceeds the sum or value of $75,000.00 (seventy-five thousand dollars and zero cents) exclusive of interest and costs.

## THE PARTIES

1.   At all times material hereto, defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, was and is a hospital, duly organized, licensed and existing under the laws of the State of New Jersey as a medical center with an Emergency Department located at 310 Salem Woodstown Road in the Township of Mannington, County of Salem, State of New Jersey.

2.   In addition to wrongful conduct alleged directly against defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, at all times material hereto, defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY also acted by and through its agents, servants

and/or employees, who in turn were acting within the course and scope of their employment, including, but not limited to, defendant ARTURO JIMENEZ, M.D., defendant JAY MORROS, M.D., and JOHN DOE and/or JANE DOE.

3.   At all times relevant hereto, defendant, ARTURO JIMENEZ, M.D., was a physician duly licensed to practice medicine in the State of New Jersey, and worked at The Memorial Hospital of Salem County located at 310 Salem Woodstown Road in the Township of Mannington, County of Salem, State of New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff, ADA SMALL, and to whose care plaintiff, ADA SMALL, was entrusted.

4.   At all times relevant hereto, defendant, JAY MORROS, M.D., was a physician duly licensed to practice medicine in the State of New Jersey, and worked at The Memorial Hospital of Salem County located at 310 Salem Woodstown Road in the Township of Mannington, County of Salem, State of New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff, ADA SMALL, and to whose care plaintiff, ADA SMALL, was entrusted.

5.   JOHN DOE and JANE DOE #1-15 (fictitious names) represent any person, including doctors, nurses, or other health care providers who work for, together with, or in the employment of, or as an independent contractor of defendant THE MEMORIAL HOSPITAL OF SALEM COUNTY, who took information or otherwise participated in the care and diagnosis of the plaintiff, ADA SMALL, commencing on or about March 28, 2015 and continuing thereafter. The identity and/or culpable conduct of this party or parties is/are unknown to plaintiff but is/are known by the main defendants.  The plaintiff reserves the right to amend this Complaint upon

obtaining knowledge of the identity, address, and culpable conduct of physicians, nurses, and/or other health care providers herein identified as JOHN DOE and JANE DOE.

6.   ABC CORPORATION #1-15 (fictitious name) represents any corporate entity that was the parent company of defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY and/or any corporate entity that employed defendant ARTURO JIMENEZ, M.D. and/or employed defendant JAY MORROS, M.D. and/or employed any culpable JOHN DOE and/or JANE DOE who participated in the care, diagnosis, and treatment of plaintiff, ADA SMALL, commencing on or about March 28, 2015 and continuing thereafter.  The identity(ies) of this party or parties is/are unknown to plaintiff but is/are known by the main defendants.  The plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, address, and culpable conduct of any corporate entity identified herein as ABC Corporation.  The plaintiff further reserves the right to amend this Complaint upon obtaining knowledge of the identity, address, and relationship to the main defendants of any corporate entity who is vicariously responsible, through the principles of *respondeat superior,* for the culpable conduct of defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, and/or defendant ARTURO JIMENEZ, M.D., and/or JAY MORROS, M.D., and/or any culpable JOHN DOE and/or JANE DOE.

**FACTUAL BACKGROUND**

1.   On or about March 28, 2015, Plaintiff, ADA SMALL, came to the Emergency Department of defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, which Emergency Department prominently bore Defendant the Memorial Hospital of Salem County's name.

4

2.   On or about March 28, 2015, when plaintiff, ADA SMALL, came to the Emergency Department of defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, Plaintiff Ada Small complained of and displayed symptoms of chest pain, chest tightness, and/or chest discomfort, for which Plaintiff requested, and needed, a medical screening examination (MSE) and treatment if necessary.

3.   Plaintiff, ADA SMALL, was not given a medical screening examination (MSE).

4.   Plaintiff, ADA SMALL, was refused a medical screening examination (MSE), even upon Plaintiff's specific request.

5.   No arrangements were made by any Defendant herein, and/or their agents, servants, and/or employees, to stabilize plaintiff, ADA SMALL, for safe transfer to another healthcare facility.

6.   Plaintiff, ADA SMALL, was instructed by the Defendants herein, and/or their agents, servants, and/or employees, to leave the Emergency Department unscreened and untreated.

7.   The failure of Defendants herein, and/or their agents, servants, and/or employees, to provide plaintiff, ADA SMALL, with medical screening, and/or to stabilize Plaintiff for safe transfer to another healthcare facility, and/or to otherwise properly diagnose and treat Plaintiff, cause Plaintiff to sustain serious and permanent injuries, damages, and pain and suffering.

## COUNT I: THE MEMORIAL HOSPITAL OF SALEM COUNTY

1.   All paragraphs of the Jurisdiction and Venue section, The Parties section, and the Factual Background section are repeated and re-alleged as if set forth herein at length.

2.   Plaintiff, ADA SMALL, had an emergency medical condition (EMC), i.e., a condition for which the failure to provide immediate medical attention could reasonably be

expected to result in placing the Plaintiff's health in serious jeopardy, serious impairment of Plaintiff's bodily functions, and serious dysfunction of Plaintiff's heart and cardiovascular system.

3.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, violated the requirements of the Emergency Medical Treatment and Active Labor Act (EMTALA), *42 U.S.C.A. §1395dd*, in failing to provide necessary and required medical screening examination(s) for plaintiff, ADA SMALL'S, emergency medical condition.

4.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, failed to provide medical treatment within the capabilities of its staff and facilities to stabilize Plaintiff's emergency medical condition.

5.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, refused to admit Plaintiff, and instead required Plaintiff to leave the hospital unscreened and untreated.

6.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, failed to sign a certification that the medical benefits reasonably expected from discharging plaintiff, ADA SMALL, unscreened and untreated, outweighed the risks of screening, and/or treating, and/or stabilizing Plaintiff, ADA SMALL, for safe transfer to another healthcare facility.

7.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, failed to provide medical treatment within its capacity to minimize the risks to the health of the Plaintiff.

8.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, failed to provide qualified personnel and transportation equipment to effect a transfer.

9.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, failed to provide necessary and medically appropriate life support measures during a transfer.

10. Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, violated the provisions of the Emergency Medical Treatment and Active Labor Act (EMTALA), *42 U.S.C.A. §1395dd*, and its ensuing regulations in its conduct toward plaintiff, ADA SMALL, on or about March 28, 2015, which violations caused injury, impairment, and pain and suffering to plaintiff, ADA SMALL.

11. As a direct and proximate result of one or more of the violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), *42 U.S.C.A. §1395dd*, by Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, as described in this Complaint, Plaintiff, ADA SMALL, was caused to suffer and will continue to suffer severe physical injuries, pain and suffering, and worsening of her health and physical condition.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, for actual, compensatory, and statutory damages, together with punitive damages as allowed by law, pre and post-judgment interest as allowed by law, attorneys' fees as allowed by law, injunctive relief, costs of suit, and such other relief which the Court deems equitable and just.

## COUNT II: ARTURO JIMENEZ, M.D.

1. All paragraphs of the Jurisdiction and Venue section, The Parties section, the Factual Background section, and Count I are repeated and re-alleged as if set forth herein at length.

2. At all times relative thereto, defendant, ARTURO JIMENEZ, M.D. represented and held himself out to the public and to plaintiff, ADA SMALL, as being learned, skilled, careful and diligent in the practice of his profession as a physician and specialist in emergency medicine.

3.   Commencing on March 28, 2015 and continuing thereafter, plaintiff, ADA SMALL, relying on defendant, ARTURO JIMENEZ, M.D.,'s representations, skill and expertise, placed herself into the care of defendant, ARTURO JIMENEZ, M.D., as her emergency room physician to examine her, render a diagnosis, and make an appropriate plan for treatment.

4.   Defendant, ARTURO JIMENEZ, M.D., Defendant, in his professional care and treatment of the plaintiff, ADA SMALL, did negligently fail to exercise an accepted standard of care and did otherwise fail to exercise that degree of care, commonly exercised by other medical practitioners in like cases having regard to the existing state of knowledge of medicine under the circumstances.

5.   On or about March 28, 2015, and continuing thereafter, defendant, ARTURO JIMENEZ, M.D., failed to properly care for and treat plaintiff, ADA SMALL, and did negligently, carelessly, recklessly, and unskillfully care for and treat said plaintiff, ADA SMALL, in that he failed to follow accepted procedures and deviated from the accepted standards of his profession; failed to properly diagnose the true condition of the plaintiff, ADA SMALL, in a timely and proper manner; failed to properly treat plaintiff, ADA SMALL'S true condition in a timely and proper manner; failed to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; failed to refer plaintiff, ADA SMALL, to appropriate specialists for consultation and treatment; failed to inform plaintiff, ADA SMALL, of the seriousness of her true condition; and was otherwise negligent in his care and treatment of plaintiff, ADA SMALL'S, chest pain, chest tightness, and/or chest discomfort.

6.   As a direct and proximate result of the negligence of defendant, ARTURO JIMENEZ, M.D., plaintiff, ADA SMALL, was improperly diagnosed and not appropriately treated.

7.   As a direct and proximate result of the negligence of defendant, ARTURO JIMENEZ, M.D., plaintiff, ADA SMALL, lost the opportunity to obtain proper and adequate medical treatment in a timely manner.

8.   As a direct and proximate result of the negligence of defendant, ARTURO JIMENEZ, M.D., plaintiff, ADA SMALL, was caused to suffer and will continue to suffer severe physical injuries, pain and suffering, and worsening of her health and physical condition.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, ARTURO JIMENEZ, M.D., for actual, compensatory, and statutory damages together with pre and post-judgment interest as allowed by law, costs of suit, and such other relief which the Court deems equitable and just.

## COUNT III: JAY MORROS, M.D.

1.   All paragraphs of the Jurisdiction and Venue section, The Parties section, the Factual Background section, Count I, and Count II are repeated and re-alleged as if set forth herein at length.

2.   At all times relative thereto, defendant, JAY MORROS, M.D. represented and held himself out to the public and to plaintiff, ADA SMALL, as being learned, skilled, careful and diligent in the practice of his profession as a physician and specialist in emergency medicine.

3.   Commencing on March 28, 2015 and continuing thereafter, plaintiff, ADA SMALL, relying on defendant, JAY MORROS, M.D.,'s representations, skill and expertise, placed herself into the care of defendant, JAY MORROS, M.D., as her emergency room physician to examine her, render a diagnosis, and make an appropriate plan for treatment.

4.   Defendant, JAY MORROS, M.D., Defendant, in his professional care and treatment of the plaintiff, ADA SMALL, did negligently fail to exercise an accepted standard of care and did otherwise fail to exercise that degree of care, commonly exercised by other medical practitioners in like cases having regard to the existing state of knowledge of medicine under the circumstances.

5.   On or about March 28, 2015, and continuing thereafter, defendant, JAY MORROS, M.D., failed to properly care for and treat plaintiff, ADA SMALL, and did negligently, carelessly, recklessly, and unskillfully care for and treat said plaintiff, ADA SMALL, in that he failed to follow accepted procedures and deviated from the accepted standards of his profession; failed to properly diagnose the true condition of the plaintiff, ADA SMALL, in a timely and proper manner; failed to properly treat plaintiff, ADA SMALL'S true condition in a timely and proper manner; failed to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; failed to refer plaintiff, ADA SMALL, to appropriate specialists for consultation and treatment; failed to inform plaintiff, ADA SMALL, of the seriousness of her true condition; and was otherwise negligent in his care and treatment of plaintiff, ADA SMALL'S, chest pain, chest tightness, and/or chest discomfort.

6.   As a direct and proximate result of the negligence of defendant, JAY MORROS, M.D., plaintiff, ADA SMALL, was improperly diagnosed and not appropriately treated.

7.   As a direct and proximate result of the negligence of defendant, JAY MORROS, M.D., plaintiff, ADA SMALL, lost the opportunity to obtain proper and adequate medical treatment in a timely manner.

8.   As a direct and proximate result of the negligence of defendant, JAY MORROS, M.D., plaintiff, ADA SMALL, was caused to suffer and will continue to suffer severe physical injuries, pain and suffering, and worsening of her health and physical condition.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, JAY MORROS, M.D., for actual, compensatory, and statutory damages together with pre and post-judgment interest as allowed by law, costs of suit, and such other relief which the Court deems equitable and just.

## COUNT IV: JOHN DOE/JANE DOE

1.   All paragraphs of the Jurisdiction and Venue section, The Parties section, the Factual Background section, Count I, Count II, and Count III are repeated and re-alleged as if set forth herein at length.

2.   At all times relative hereto, defendant, JOHN DOE and/or JANE DOE represented and held himself/herself out to the public and to plaintiff, ADA SMALL, as being learned, skilled, careful and diligent in the practice of his/her profession as a physician/nurse.

3.   Commencing on March 28, 2015, and continuing thereafter, plaintiff, ADA SMALL, relying on defendant, JOHN DOE, M.D./D.O. and/or JANE DOE, R.N.'s representations, skill and expertise, placed herself into the care of defendant, JOHN DOE and/or JANE DOE as her physician/nurse to examine her, render a diagnosis, and plan appropriate treatment at THE MEMORIAL HOSPITAL OF SALEM COUNTY.

4.   Defendant, JOHN DOE and/or JANE DOE in his/her professional care and treatment of plaintiff, ADA SMALL, commencing on March 28, 2015 and continuing thereafter, did negligently fail to exercise and accepted standard of care and did otherwise fail to exercise that

degree of care, commonly exercised by other medical practitioners in like case having regard to the existing scope of knowledge of medicine under the circumstances so as to render an accurate and reliable diagnosis and plan of treatment on behalf of ADA SMALL.

5.  On or about March 28, 2015, and continuing thereafter, defendant, JOHN DOE and/or JANE DOE failed to properly care for and treat plaintiff, ADA SMALL, and did negligently, carelessly, recklessly, and unskillfully care for and treat said plaintiff, ADA SMALL, in that he/she failed to follow accepted procedures and deviated from the accepted standards of his/her profession; failed to properly diagnose the true condition of the plaintiff, ADA SMALL, in a timely and proper manner; failed to properly treat plaintiff, ADA SMALL'S true condition in a timely and proper manner; failed to conduct the necessary and indicated examinations and/or re-examinations, tests, and/or procedures; failed to refer plaintiff, ADA SMALL, to appropriate specialists for consultation and treatment; failed to inform plaintiff, ADA SMALL, of the seriousness of her true condition; and was otherwise negligent in his/her care and treatment of plaintiff, ADA SMALL'S, chest pain, chest tightness, and/or chest discomfort.

6.  As a direct and proximate result of the negligence of defendant, JOHN DOE and/or JANE DOE, plaintiff, ADA SMALL was improperly treated and therefore precluded from and lost the opportunity to obtain adequate medical care and treatment.

7.  As a direct and proximate result of the negligence of defendant, JOHN DOE and/or JANE DOE, plaintiff, ADA SMALL, was caused to suffer and will continue to suffer severe physical injuries, pain and suffering, and worsening of her health and physical condition.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, JOHN DOE and/or JANE DOE for actual, compensatory, and statutory damages together with pre and

post-judgment interest as allowed by law, costs of suit, and such other relief which the Court deems equitable and just.

## COUNT V: ABC CORPORATION – EMTALA

1.   All paragraphs of the Jurisdiction and Venue section, The Parties section, the Factual Background section, Count I, Count II, Count III, and Count IV are repeated and re-alleged as if set forth herein at length.

2.   Defendant, ABC CORPORATION, is the parent company of, or otherwise exercises control, direction, and/or supervision over the policies and operations of defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY.  The nature of the relationship between defendant, ABC CORPORATION, and defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, is unknown to Plaintiff, but is known to the main defendants.  Plaintiff reserves the right to amend this Complaint upon learning of the relationship between defendant, ABC CORPORATION, and defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY.

3.   Plaintiff, ADA SMALL, had an emergency medical condition, i.e., a condition for which the failure to provide immediate medical attention could reasonably be expected to result in placing the Plaintiff's health in serious jeopardy, serious impairment of Plaintiff's bodily functions, and serious dysfunction of Plaintiff's heart and cardiovascular system.

4.   Defendant, ABC CORPORATION, violated the requirements of the Emergency Medical Treatment and Active Labor Act (EMTALA), *42 U.S.C.A. §1395dd*, in failing to provide necessary and required medical screening examination for plaintiff, ADA SMALL'S, emergency medical condition.

13

5.    Defendant, ABC CORPORATION, failed to provide medical treatment within the capabilities of its staff and facilities to stabilize Plaintiff's emergency medical condition.

6.    Defendant, ABC CORPORATION, refused to admit Plaintiff, and instead required Plaintiff to leave the hospital unscreened and untreated.

7.    Defendant, ABC CORPORATION, failed to sign a certification that the medical benefits reasonably expected from discharging plaintiff, ADA SMALL, unscreened and untreated, outweighed the risks of screening, and/or treating, and/or stabilizing Plaintiff, ADA SMALL, for safe transfer to another healthcare facility.

8.    Defendant, ABC CORPORATION, failed to provide medical treatment within its capacity to minimize the risks to the health of the Plaintiff.

9.    Defendant, ABC CORPORATION, failed to provide qualified personnel and transportation equipment to effect a transfer.

10.  Defendant, ABC CORPORATION, failed to provide necessary and medically appropriate life support measures during a transfer.

11.  Defendant, ABC CORPORATION, violated the provisions of the Emergency Medical Treatment and Active Labor Act (EMTALA), *42 U.S.C.A. §1395dd*, and its ensuing regulations in its conduct toward plaintiff, ADA SMALL, on or about March 28, 2015, which violations caused injury, impairment, and suffering to plaintiff, ADA SMALL.

12.  As a direct and proximate result of one or more of the violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), *42 U.S.C.A. §1395dd*, by Defendant, ABC CORPORATION, as described in this Complaint, Plaintiff, ADA SMALL, was caused to suffer and will continue to suffer severe physical injuries, pain and suffering, and worsening of her health and physical condition.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, ABC CORPORATION, for actual, compensatory, and statutory damages, together with punitive damages as allowed by law, pre and post-judgment interest as allowed by law, attorneys' fees as allowed by law, injunctive relief, costs of suit, and such other relief which the Court deems equitable and just.

## COUNT VI: ABC CORPORATION – *Respondeat Superior*

1.   All paragraphs of the Jurisdiction and Venue section, The Parties section, the Factual Background section, Count I, Count II, Count III, Count IV, and Count V are repeated and re-alleged as if set forth herein at length.

2.   Defendant, ABC CORPORATION, provided care and treatment to plaintiff, ADA SMALL by and through its agents, servants and/or employees including defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, and/or defendant ARTURO JIMENEZ, M.D., and/or defendant JAY MORROS, M.D., and/or defendant JOHN DOE and/or JANE DOE.

3.   At all times relevant hereto, defendant ABC CORPORATION, through its employees/servants/agents, specifically defendant THE MEMORIAL HOSPITAL OF SALEM COUNTY, and/or defendant ARTURO JIMENEZ, M.D., and/or defendant JAY MORROS, M.D., and/or defendant JOHN DOE and/or JANE DOE, had a duty to exercise reasonable care and either actually or impliedly represented to the plaintiff, ADA SMALL, that it would exercise that degree of care, skill, diligence, and proficiency which would conform to reasonable standards and accepted practices of the healthcare-related professions of its employees/servants/agents.

15

4.   Defendant, ABC CORPORATION, is vicariously responsible through the principles of *respondeat superior* for the culpable conduct of it employees, defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, and/or defendant ARTURO JIMENEZ, M.D., and/or defendant JAY MORROS, M.D., and/or defendant JOHN DOE and/or JANE DOE.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, ABC CORPORATION, for actual, compensatory, and statutory damages together with pre and post-judgment interest as allowed by law, costs of suit, and such other relief which the Court deems equitable and just.

### COUNT VII: THE MEMORIAL HOSPITAL OF SALEM COUNTY – *Respondeat Superior*

1.   All paragraphs of the Jurisdiction and Venue section, The Parties section, the Factual Background section, Count I, Count II, Count III, Count IV, Count V, and Count VI are repeated and re-alleged as if set forth herein at length.

2.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, provided care and treatment to plaintiff, ADA SMALL by and through its agents, servants and/or employees including defendant, defendant ARTURO JIMENEZ, M.D., and/or defendant JAY MORROS, M.D., and/or defendant JOHN DOE and/or JANE DOE.

3.   At all times relevant hereto, defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, through its employees/servants/agents, specifically defendant ARTURO JIMENEZ, M.D., and/or defendant JAY MORROS, M.D., and/or defendant JOHN DOE and/or JANE DOE, had a duty to exercise reasonable care and either actually or impliedly represented to the plaintiff, ADA SMALL, that it would exercise that degree of care, skill, diligence, and

16

proficiency which would conform to reasonable standards and accepted practices of the healthcare-related professions of its employees/servants/agents.

4.   Defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, is vicariously responsible through the principles of *respondeat superior* for the culpable conduct of it employees, defendant ARTURO JIMENEZ, M.D., and/or defendant JAY MORROS, M.D., and/or defendant JOHN DOE and/or JANE DOE.

WHEREFORE, plaintiff, ADA SMALL, demands judgment against defendant, THE MEMORIAL HOSPITAL OF SALEM COUNTY, for actual, compensatory, and statutory damages together with pre and post-judgment interest, costs of suit, and such other relief which the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues triable thereto in the above-styled action.

Respectfully submitted this 23nd day of March, 2017.

By:   /s/  Martin T. McDonough, M.D., J.D.
      Martin T. McDonough, M.D., J.D.
      50 East Avenue
      P.O. Box 303
      Woodstown, NJ  08098
      Phone: 856-769-2470
      Facsimile: 856-769-9290
      Attorney ID: MM4102

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Martin T. McDonough, M.D., J.D., attorney for the plaintiff in this action, hereby certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted this 23nd day of March, 2017.

By:   /s/  Martin T. McDonough, M.D., J.D.
      Martin T. McDonough, M.D., J.D.
      50 East Avenue
      P.O. Box 303
      Woodstown, NJ  08098
      Phone: 856-769-2470
      Facsimile: 856-769-9290
      Attorney ID: MM4102