IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ADA SMALL,<br><br>      Plaintiff,<br><br>      v.<br><br>THE MEMORIAL HOSPITAL OF<br>SALEM COUNTY, et al.,<br><br>      Defendants. | Civil No. 17-1924 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

MARTIN T. McDONOUGH, ESQ.
13 West Avenue, Suite A
Woodstown, New Jersey 08098
    *Attorney for Plaintiff*

BLUMBERG & WOLK, LLC
By: Jay J. Blumberg, Esq
    Erika L. Mohr, Esq.
158 Delaware Street
P.O. Box 68
Woodbury, New Jersey 08096
    *Attorneys for Defendant Jay Morros, M.D.*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This suit arises out of the alleged misdiagnosis of Plaintiff Ada Small when she went to the emergency room of Defendant The Memorial Hospital of Salem County (hereafter "the Hospital"). Defendant Dr. Jay Morros, one of the emergency room doctors, moves for summary judgment. Small has filed no opposition to the

1

motion.[1]  For the reasons stated herein, the motion will be granted.

## I. FACTUAL BACKGROUND

On March 28, 2015, Plaintiff Ada Small presented to the Hospital's emergency room complaining of intermittent sharp, tight chest and shoulder pain which reportedly began approximately twelve hours prior.  (Defendant's Statement of Material Facts[2], "SMF," ¶ 1)  Small was eventually examined by Defendant Dr. Jimenez, an Emergency Department attending physician.  (Id. ¶ 8)

Dr. Jimenez conducted a review of Small's symptoms and a physical examination.  (SMF ¶¶ 9-10)  Small was then treated for anxiety and pain.  (Id. ¶ 11)

"Following Ms. Small's examination by Dr. Jimenez, the role of attending physician was handed off to Dr. Morros.  Dr. Morros did not conduct a repeat examination of Ms. Small.  Thereafter, Ms. Small was ordered discharged to home with diagnoses of anxiety reaction and cervical radiculopathy and was additionally ordered to follow up with her primary care physician . . . in two to three days."  (SMF ¶¶ 12-14)

---

[1]  Plaintiff's opposition was due December 26, 2018.

[2]  Defendant Morros' Statement of Material Facts has not been opposed because Small has filed no opposition at all to the instant motion.  Accordingly, facts contained in the Statement of Material Facts are "deemed undisputed for purposes of the summary judgment motion."  L. Civ. R. 56.1(a).

On April 1, 2015, Small was seen by her primary care physician who concluded, after performing an EKG, that "Ms. Small may have experienced a recent myocardial infarction." (SMF ¶ 15, 16) Ms. Small went straight from her primary care physician's office to the Hospital. (Id. ¶ 17-18) After being examined at the Hospital, Small "was transferred to Cooper University Hospital for cardiac catheterization." (Id. ¶ 20)

The Complaint asserts four counts, excluding the "John Doe / Jane Doe" and "ABC Corporation" counts: (1) violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, against the Hospital; (2) medical malpractice / negligence against Defendant Dr. Jimenez; (3) medical malpractice / negligence against Defendant Dr. Morros; and (4) respondeat superior liability of the Hospital.[3]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead

---

[3] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

a "reasonable jury [to] return a verdict for the nonmoving party." Id.

"[W]hen a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (citing Fed. R. Civ. P. 56(e)). In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord, Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.")). Failure to sustain this burden will result in entry of judgment for the moving party.

The same basic legal analysis applies when a summary judgment motion is unopposed, Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168 (3d Cir. 1990), however, the material facts put forth by the movant are deemed undisputed pursuant to L. Civ. R. 56.1(a) ("any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

## III. ANALYSIS

Defendant Dr. Morros moves for summary judgment as to the medical negligence claim asserted against him, asserting that

4

Small has no evidence to establish that Dr. Morros departed from the applicable standard of care.

It is well-settled that a plaintiff asserting medical negligence must put forth expert testimony concerning the alleged deviation from the standard of care. Gardner v. Pawliw, 150 N.J. 359, 375 (1997); Schueler v. Strelinger, 43 N.J. 330, 345 (1964); Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961).

Small has submitted no opposition to the instant motion; thus, she has not sustained her burden of putting forward evidence of Dr. Morros' alleged negligence. Indeed, Small's expert report, which Morros attaches to his Motion for Summary Judgment as Exhibit J, demonstrates the lack of evidence in this regard. As Morros correctly observes, Small's expert "did not offer any opinion that the care and treatment rendered by Dr. Morros to Ms. Small deviated from the accepted standards of care" (Moving Brief, p. 7), even though: (1) the expert report specifically states that the expert "was asked to determine whether the care and treatment Ms. Small received from the ER physicians met the standard of care," (emphasis added); and (2) the expert reviewed, *inter alia*, all of the Emergency Department records and the Deposition of Dr. Morros. (Def's Ex. J)

Small has failed to sustain her summary judgment burden of putting forth evidence to support her claim against Dr. Morros. Accordingly, Dr. Morros' Motion for Summary Judgment will be granted.

**IV. CONCLUSION**

For the foregoing reasons, Defendant Morros' Motion for Summary Judgment will be granted.  An appropriate Order shall issue on this date.

Dated: January 16, 2018             __s/ Renée Marie Bumb_____
                                                 RENÉE MARIE BUMB
                                                 UNITED STATES DISTRICT JUDGE